UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:

UNITED STATES OF AMERICA,    **00-6174**

Plaintiff,
**CIV - SEITZ**  MAGISTRATE JUDGE
                              GARBER
vs.



GARY G. PAPA

       Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2527.13, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $943.19, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $3470.32, plus interest at 8.00 percent per annum on the principal amount of $2527.13, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 3/ day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: _____
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Gary G. Papa
3333 N.E. 34th Street Apt. 906
Fort Lauderdale, FL 33308-6911
SSN: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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/12/99.

On or about 01/23/89, the borrower executed promissory note(s) to secure loan(s) of $2625.00 from Glendale Federal at 8 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/25/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2795.30 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/22/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $490.85 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2527.13 |
| Interest: | $ 786.44 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $0.00 |
| Total debt as of 04/12/99: | $ 3313.57 |

Interest accrues on the principal shown here at the rate of .56 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/17/99    Name: _____
                       Title: Loan Analyst
                       Branch: Litigation Branch

GOVERNMENT EXHIBIT

# APPLICATION/PROMISSORY NOTE FOR A FLORIDA GUARANTEED STUDENT LOAN

**WARNING:** This student loan must be repaid. Failure to honor its repayment terms may result in Default. Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties under state and federal codes.

## I - BORROWER'S SECTION — COMPLETED BY STUDENT — PRINT OR TYPE ALL ENTRIES

1. Social Security Number: 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
2. Last Name: Papa — First: Gary — Middle/Maiden: G
3. Date of Birth: 2 / 11 / 69
4. Permanent Home Address: 2641 N Ocean Blvd (704)
   City: Ft Laud Fl
   Zip Code: 33308
5. Area Code-Phone No. for Item 4: (305) 563-5356
6. U.S. Citizenship: 1. U.S. Citizen or National ✓
7. State of Permanent Residence: FL — Since 10-77
8. Have you ever DEFAULTED on any educational loan or do you owe a refund on any federal/state educational grant? No ✓

9. REFERENCE REQUIREMENT
   A. Parent or Guardian ✓
      Name: Jathon Miller
      Home Address: 5631 Simmons St.
      City, State, Zip Code: Hollywood Fl 33021
      Phone: (305) 987-1798
      Employer: Dixie Bearings Inc.
   B. Other Parent
      Name: Fred Papa
      Home Address: 2301 SE 9 ST
      City, State, Zip Code: Pompano Bch FL 33062
      Phone: (305) 752-1174

10. Amount owed on all loans: GSL and FISL $0, PLUS $0, SLS (ALAS) $0

11. Most recent GSL: Name of Lender: N/A

12. Enrollment Period Covered by This Loan: From 1/89 To 1/90
13. Intended Enrollment Status: Full Time ✓
14. Name of Lender Who Will Process this Loan: Glendale Federal

## PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

15. Requested Loan Amount: $2625.00
16. SIGNATURE OF BORROWER: Gary Papa — DATE: 1-23-89

## II - SCHOOL SECTION — COMPLETED BY FINANCIAL AID OFFICER

18. School Code: 022932
19. Area Code/Phone No.: (305) 764-3432
20. Name and Address of School: Arts Technique Center, 201 W Sunrise Blvd, Ft Lauderdale FL 33311
21. Grade Level: 1
22. Anticipated Completion Date: 2/90
23. Adjusted Gross Income: $7899
24. Enrollment period covered by Loan: From 3/20/87 To 9/27/87
25. Beginning Date of Second School Term Covered by Loan Period: 5/1/87
26. Dependency Status: Independent ✓
27. Cumulative GPA: 2.0 of 4.0
28. Estimated Cost of Attendance: $10448
29. Expected Family Contribution: $3140
30. Estimated Financial Aid for Loan Period: $852
31. Unmet Need: $8158

32. Recommended Disbursements:
    #1  2/20/89  $1313
    #2  5/1/89   $1312
    TOTAL OF DISBURSEMENTS: $2625

33. Signature of Authorized School Official: Carolyn Rivera — Carolyn Rivera FAO
34. Date: 1/25/89

## III - LENDER SECTION — COMPLETED BY LENDER

35. Lender Code: 826762
36. Area Code/Phone No.: (305) 728-1390
37. Name and Address: Glendale Federal, 301 E. Las Olas Blvd., Ft. Lauderdale, FL 33301
38. Loan Disbursement Date(s):
    #1  4/3/89   $1313
    #2  4/24/89  $1312
40. Student Loan Underwriter — Yolanda Anderson
    Date: 3/28/89
    TOTAL AMOUNT LENDER APPROVES: $2625
39. Check Interest Rate: 8%

Hollywood — LENDER COPY — 811 A

FGLP Standard Form - 1 (7/87)

JAN 3 0 1989

### d Student Loan

ng a loan for period of enrollment beginning pr to Ju, after the repayment period begins under any of the fo full-time study at a school that is participating in the GSL m studying at a school not located in the United States; (t r a vocational school that is operated by an agency of th nless I am not a national of the United States and am st eligible graduate fellowship program; or (c) An eligible re or periods not exceeding 36 months (for each of the follow Forces of the United States or serving as an officer in the ith Service; (b) Serving as a volunteer under the Peace st one year and Serving as a full-time volunteer under Ti IONS programs. If I have agreed to serve in a form of at e which the Secretary of Education has determined is c rograms for an organization exempt from taxation und 54 as amended or (e) Temporarily totally disabled, as e r unable to secure employment because I am caring for hed by a sworn affidavit of a qualified physician. (f) For p ng) while I am (a) Serving in an eligible internship progr time employment in the United States

new borrower (as defined below, receiving a loan for a may also request in addition to the above, deferments o od begins under any of the following circumstances: 4) V that is participating in the GSLP, unless I am not a natio t located in the United States. If I receive a loan under th periods not exceeding 36 months (for each of the follow ces of the United States or serving as an officer in the h Service, or an active duty member of the National O d as a full-time teacher in a public or private elementary ned by the Secretary of Education (c) Unable to secur a spouse or other dependent who is temporarily totally ed physician. 6) For periods not exceeding 12 months g or reentering the work force, and am being paid at a r wage prescribed by the Fair Labor Standards Act of 19 nant or caring for a newborn child or caring for a child im option provided. I am not attending a school at the time I must have been enrolled within the last six months

## ALL RIGHT, TITLE AND INTEREST OF GLENDALE FEDERAL SAVINGS & LOAN (THE "SELLER") IS HEREBY ASSIGNED TO THE STUDENT LOAN MARKETING ASSOCIATION ("SALLIE MAE") WITHOUT RECOURSE EXCEPT AS PROVIDED IN PARAGRAPH 10 OF THE COMMITMENT AND LOAN SALE AGREEMENT BETWEEN SALLIE MAE AND THE SELLER,

GLENDALE FEDERAL SAVINGS & LOAN



g balance in a GSL, PLUS, SLS or Consolidation Loa te for a loan to cover periods of enrollment beginning on or aft 1987. In order to receive a deferment, I must request the deferment and provide my lender with a docur required to establish my eligibility (as set forth in the regulations governing the GSLP). I understand th notify my lender when the condition entitling me to the deferment no longer exists

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic insta with interest at the rate indicated in nterest. Paragraph III, on the unpaid balance from the due dat Promissory Note until the loan is paid in full. Prior to the due date of this Promissory Note you will rec Repayment Schedule which shows the particular repayment terms, including the beginning date become part of this Promissory Note. The Repayment Schedule may include all loans I have received under the Florida Guaranteed Student Loan Program. The Repayment Schedule will require me to make payments for a period of not less than 5 nor more than 10 years after this Note reaches due. Ar described under Paragraph VIII. Deferment or any period for which the lender has granted forbearance w included in determining the 5- and 10-year periods mentioned above. At my option I may agree to a re period that is shorter than 5 years. I may at a later time have the repayment period extended so that repayment period is not less than 5 years, provided, my total payments for any year of the repayment to all my loans under the Guaranteed Student Loan Program (GSLP), the PLUS Program or the Supp Loans for Students Program under Title IV, Part B of the Higher Education Act shall not be less than $ year, including payments by my spouse on any loan under such loan programs (or the balance of all su plus accrued interest if less than $600, even though this may result in a repayment period shorter than

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the pri accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interes have paid.

**XI. Credit Bureau Notification** Information concerning the amount of this loa repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lende or guarantor will also report the default to credit bureau organizations. This may significantly and advers my ability to obtain other credit. The lender, holder or guarantor must notify me at least 30 days in adva information about the default will be disclosed to credit bureau organizations unless I enter repayment on within 30 days. The lender must provide me with the name and address of the credit bureau orga regarding objections I might raise with that organization about the accuracy and completeness of info reported about me

**XII. Disability or Death** If I become totally and permanently disabled or, in case, my ob to pay an amount on this loan will be discharged on us or any of us.

By: FLORIDA DEPARTMENT of EDUCATION

---

or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default on this loan: 1) The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; 2) The lender, holder, or Florida Department of Education may disclose to schools I have attended (or am currently attending) information about the default; 3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loans (formerly called National Direct Student Loans), Guaranteed Student Loans, Supplemental Loans for Students, PLUS Loans or Consolidated Loans, and 4) I will be ineligible for the benefits described under Paragraph III. Interest, and Paragraph VIII. Deferment.

**VI. Late Charges and Collection Costs** I agree to pay the following amounts if delinquent in making payments when due or if this Promissory Note is declared in default: 1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the lender within ten (10) days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Paragraph VIII of this Promissory Note. 2) Costs that are permitted by Federal and State laws and are necessary for collection of any amount not paid when due. These costs may include but are not limited to, attorney fees, court costs, telegrams and long-distance telephone calls. 3) Collection costs which shall not exceed 25 percent of the unpaid principal and accrued interest of this loan if referred for collection to an agent or agency that is subject to the Fair Debt Collection Practices Act.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Section II of my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s) because I have defaulted, the Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I hereby authorize the proceeds of any loan made as a result of this application to be used for educational expenses for tuition billed covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period stated in Item 24. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (PL 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not owe a refund on a Pell

Grant, Supplemental Educational Opportunity Grant, State Student Incentive Grant, or Byrd Scholarship not now in default on a Perkins National Direct Student Loan, a Guaranteed Student Loan, a Federally Student Loan, PLUS Loan, a Supplemental Loan for Students, a Loan Consolidation or an Income Cor Loan. I further authorize my lending institution to issue a check covering the proceeds of my loan in full or made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the schoo in Section II. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supp this application. I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies amount (as determined by the lender), the fee amounts, grace period, and late charges. I understand an that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the informa the Application Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Sta applies

---

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

### EDUCATIONAL INSTITUTION CERTIFICATION

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student and is maintaining satisfactory progress in a program determined to be eligible for the Guaranteed Loan Program. I further certify that, based upon records available at this institution, this student is neither in default nor owes a refund with respect to previously received state federal student financial assistance to attend any institution, and that the information provided in Section II is true, and complete and correct to the best of my knowledge and belief.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  00-6174

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-SEITZ
MAGISTRATE JUDGE
GARBER

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

GARY G. PAPA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B: Broward 0:00CV6174/Seitz/BIG

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
THOMAS E. SCOTT, U.S. ATTORNEY (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Med. Malpractice | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | **A PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | B[ ] 650 Airline Regs | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| B[X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | B[ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | A[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | A OR B |
| | | B[ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4) (d)

**LENGTH OF TRIAL**
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

**DEMAND** $3,470.32 + interest & costs

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 1/31/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____